UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| NATHAN WHEELER, | Case No. 3:19-cv-00372-MMD-CLB |
| Plaintiff, | ORDER |
| v. | |
| WASHOE COUNTY COURT, | |
| Defendant. | |

Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Carla L. Baldwin recommending that this case be dismissed for Plaintiff Nathan Wheeler's failure to submit a complaint or comply with LR IA 3-1.[1] (ECF No. 7.) In light of Plaintiff's failure, it is no surprise that he has not filed an objection to the R&R, although he had until May 12, 2020, to do so. (*Id.*) The Court will adopt the R&R and dismiss this case.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is

---

[1]Local Rule 3-1 provides:

> An attorney or pro se party must immediately file with the court written notification of any change of mailing address, email address, telephone number, or facsimile number . . . Failure to comply with this rule may result in the dismissal of the action, entry of default judgment, or other sanctions as deemed appropriate by the court.

required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation").

The Court finds it unnecessary to engage in de novo review to determine whether to adopt Judge Baldwin's R&R and is satisfied that there is no clear error upon reviewing the docket. Plaintiff was advised that failure to submit a complaint by April 10, 2020, and failure to file a notice of change of address as required under LR IA 3-1 by April 22, 2020, would result in dismissal of this case. (ECF Nos. 3, 5.) Those dates have long passed, and Plaintiff has provided no such complaint or notice. Nor has he taken action in this matter since initiating this case in July 2019. The Court therefore agrees with the R&R that dismissal of this action is warranted under LR IA 3-1. *See also Thompson v. Hous. Auth. of City of L. A.*, 782 F.2d 829, 831 (9th Cir. 1986) (recognizing that district courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissing case for failure to comply with court order).

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge Carla L. Baldwin (ECF No. 7) is accepted and adopted in full.

It is further ordered that this case is dismissed without prejudice and the pending motion (ECF No. 1) is denied as moot.

The Clerk of the Court is directed to close this case.

DATED THIS 15th day of May 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE